1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

11
12
13
14
15
16

ROBERTO HERRERA,                    )  Case No. CV 13-0705-JAK (DTB)
                    Petitioner,     )
                                    )  ORDER TO SHOW CAUSE
            vs.                     )
                                    )
CONNIE GIPSON,                      )
                    Respondent.     )
                                    )

17   On February 1, 2013, petitioner filed a Petition for Writ of Habeas Corpus by
18   a Person in State Custody ("Pet.") herein.  The Petition purports to be directed to the
19   2012 sentence petitioner received in the Los Angeles County Superior Court.
20   Petitioner purports to raise four grounds for relief.
21   Under 28 U.S.C. § 2254(b), habeas relief may not be granted unless petitioner
22   has exhausted the remedies available in the courts of the State.[1]  Exhaustion requires
23

24   [1]   The habeas statute now explicitly provides that a habeas petition brought
25   by a person in state custody "shall not be granted unless it appears that - (A) the
26   applicant has exhausted the remedies available in the courts of the State; or (B)(i)
27   there is an absence of available State corrective process; or (ii) circumstances exist
     that render such process ineffective to protect the rights of the applicant."  28 U.S.C.
28   (continued...)

1

that the prisoner's contentions be fairly presented to the state courts and be disposed of on the merits by the highest court of the state.  See James v. Borg, 24 F.3d 20, 24 (9th Cir. 1994); Carothers v. Rhay, 594 F.2d 225, 228 (9th Cir. 1979).  Moreover, a claim has not been fairly presented unless the prisoner has described in the state court proceedings both the operative facts and the federal legal theory on which his claim is based.  See Duncan v. Henry, 513 U.S. 364, 365-66, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995); Picard v. Connor, 404 U.S. 270, 275-78, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971); Johnson v. Zenon, 88 F.3d 828, 830 (9th Cir. 1996).

As a matter of comity, a federal court will not entertain a habeas corpus petition unless the petitioner has exhausted the available state judicial remedies on every ground presented in the petition.  See Rose v. Lundy, 455 U.S. 509, 518-22, 102 S. Ct. 1198, 71 L. Ed. 2d 179 (1982).  Petitioner has the burden of demonstrating that he has exhausted available state remedies.  See, e.g., Brown v. Cuyler, 669 F.2d 155, 158 (3d Cir. 1982).  However, the Ninth Circuit has held that, for purposes of exhaustion, pro se petitions are held to a more lenient standard than counseled petitions.  See Sanders v. Ryder, 342 F.3d 991, 999 (9th Cir. 2003); Peterson v. Lampert, 319 F.3d 1153, 1159 (9th Cir. 2003) (en banc).  The Ninth Circuit also has held that a federal court may raise the failure to exhaust issue sua sponte and may summarily dismiss on that ground.  See Stone v. San Francisco, 968 F.2d 850, 856 (9th Cir. 1992); Cartwright v. Cupp, 650 F.2d 1103, 1104 (9th Cir. 1982) (per curiam); see also Granberry v. Greer, 481 U.S. 129, 134-35, 107 S. Ct. 1671, 95 L. Ed. 2d 119 (1987).

Here, it appears from the face of the Petition that petitioner did not exhaust his state remedies with respect to any of his grounds for relief.  Petitioner alleges to be challenging his conviction obtained pursuant to a guilty plea on November 8, 2012.

---

[1](...continued)
§ 2254(b)(1).

1   (Pet. at 2.)  Petitioner claims to have filed a habeas petition to the California Supreme
2   Court in Case No. S205254 filed "around 11/1/12" and denied on 11/14/12.  (Pet. at
3   3-4.)  However, a review of the docket for petitioner's habeas petition, Case No.
4   S20524, on the California Appellate Courts website[2] shows that this case was filed
5   on September 7, 2012.   Thus, the California Supreme Court habeas petition
6   referenced in the Petition could not have been directed to the underlying conviction
7   challenged by the Petition herein, as it was filed before the date upon which the
8   conviction occurred (*i.e.*, November 8, 2012).

9       Similarly, petitioner's citation to his habeas petition in the California Supreme
10  Court in Case No. S204299 cannot pertain to the underlying conviction of the instant
11  Petition, as the petition in Case No. S204299 was filed on July 26, 2012 and denied
12  on October 10, 2012, entirely preceding the date of conviction challenged in the
13  instant Petition.  (Pet. at 4.)

14      If it were clear that the California Supreme Court would hold that petitioner's
15  unexhausted claims directed to the 2011 conviction were procedurally barred under
16  state law, then the exhaustion requirement would be satisfied.[3]  See Castille v.
17  Peoples, 489 U.S. 346, 351-52, 109 S. Ct. 1056, 103 L. Ed. 2d 380 (1989); Johnson,
18  88 F.3d at 831; Jennison v. Goldsmith, 940 F.2d 1308, 1312 (9th Cir. 1991).
19  However, it is not "clear" here that the California Supreme Court will hold that
20  petitioner's unexhausted claims directed to the 2012 conviction are procedurally

21

22      [2]     http://www.courts.ca.gov/courtsofappeal.htm
23

24      [3]     In that event, although the exhaustion impediment to consideration of
25  petitioner's claims on their merits would be removed, federal habeas review of the
    claims would still be barred unless petitioner could demonstrate "cause" for the
26  default and "actual prejudice" as a result of the alleged violation of federal law, or
27  demonstrate that failure to consider the claims would result in a "fundamental
    miscarriage of justice."  See Coleman v. Thompson, 501 U.S. 722, 750, 111 S. Ct.
28  2546, 115 L. Ed. 2d 640 (1991).

barred under state law.  See, e.g., In re Harris, 5 Cal. 4th 813, 825, 21 Cal. Rptr. 2d 373, 855 P.2d 391 (1993) (granting habeas relief where petitioner claiming sentencing error, even though the alleged sentencing error could have been raised on direct appeal); People v. Sorensen, 111 Cal. App. 2d 404, 405, 244 P.2d 734 (1952) (noting that claims that fundamental constitutional rights have been violated may be raised by state habeas petition).  The Court therefore concludes that this is not an appropriate case for invocation of either "exception" cited above to the requirement that a petitioner's federal claims must first be fairly presented to and disposed of on the merits by the state's highest court.

Further, the Court notes that this is not an appropriate case for invocation of the stay-and-abeyance procedure authorized by Rhines v. Weber, 544 U.S. 269, 277-78, 125 S. Ct. 1528, 161 L. Ed. 2d 440 (2005), or the stay-and-abeyance procedure authorized by Calderon v. United States Dist. Court (Taylor), 134 F.3d 981, 987-88 (9th Cir. 1998) and Kelly v. Small, 315 F.3d 1063, 1070 (9th Cir. 2004), overruled on other grounds by Robbins v. Carey, 481 F.3d 1143, 1149 (9th Cir. 2007).  The Rhines procedure applies to mixed petitions, and the Kelly procedure applies to fully exhausted petitions.  See King v. Ryan, 564 F.3d 1133, 1139-40 (9th Cir. 2009).  The Petition herein is neither; rather, it constitutes a petition containing solely unexhausted claims.  The Ninth Circuit has held in a post-Rhines decision that the stay-and-abeyance procedure does not apply to petitions containing solely unexhausted claims.  See Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006). A petition containing solely unexhausted claims must be dismissed.  See Jiminez v. Rice, 276 F.3d 478, 481 (9th Cir. 2001).

/ / /

/ / /

/ / /

/ / /

/ / /

4

1    Accordingly, on or before **March 15, 2013,** petitioner is ordered to show cause

2 in writing, if any he has, why this action should not be summarily dismissed without

3 prejudice pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the

4 United States District Courts for failure to exhaust state remedies.

6 DATED: February 12, 2013

_____
DAVID T. BRISTOW
UNITED STATES MAGISTRATE JUDGE

5